**HOLMES etc. Appellee, HOLMES, Admr., and MAHAN, Appellants, v. REPUBLIC STEEL CORPORATION OF NEW JERSEY, et al, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 19343-19344-19345-19346. Decided January 24, 1944.

J. W. Wursthorn, Cleveland, and David Perris, Cleveland, for appellants.

Jones, Day, Cockley & Reavis, Cleveland, for appellees.

ROSS, P. J., HILDEBRANT, J., MATTHEWS, J., of the First District, sitting by designation in the Eighth Appellate District.

## OPINION

By HILDEBRANT, J.

Original plaintiff filed four separate so-called derivative stockholders suits on behalf of herself and all other stockholders and for the benefit of Republic Steel Corporation against said corporation and four directors respectively. Plaintiff died and her Administrator obtained a conditional order of revival of such actions. Thereafter, another stockholder moved for leave to intervene. The trial court refused both reivor and intervention and the case comes to this Court on questions of law.

There are two questions presented by the record, viz:

1. May an action by a stockholder on behalf of self and all other stockholders, and for the benefit of the corporation be revived following the death of the plaintiff, in the name of plaintiff's administrator?

2. May another stockholder intervene subsequently to the death of the original plaintiff?

### I.

The first question may be determined in the light of statutory enactments with reference to abatement, revivor, and survival of actions, together with the Probate Code.

**Sec. 11235 GC,** provides:

"In addition to the causes which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto."

In a derivative stockholder's suit, the primary right being in the corporation, could not die with the death of the plaintiff, and it appears to the court that the indirect damage to the stockholders involved is in its nature an injury to property, to-wit, the value of the stock, all the incidents of ownership of which devolve upon the personal representative upon the occurrence of death.

**Sec. 11397 GC, provides:**

"Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of

the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party."

Obviously, and without debate as to whether the section refers only to a pending action or includes a cause of action, the instant case is not included within the exceptions therein set forth.

Sec. 11401 GC, provides:

"If before judgment, one of the parties to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in the name of such representatives or successors."

From the above section, it is apparent that if the right of action survives in favor of the personal representative here, the cause of action may be revived. If the remedy of revivor be properly invoked, as it has been here under §11403 GC, it becomes a matter of right and not of discretion. **Porter v Lerch, 129 Oh St 47, par, 7 of the syllabus.**

It is, however, contended that the administrator derives his power solely by virtue of §10,509-85 GC, which provides:

"So far as he is able, the executor or administrator shall collect the assets of the estate within nine months after the date of his appointment."

It is argued that since the recovery in this type suit inures to the corporation, it cannot be assets of the estate, hence, the lack of power or interest or authority to proceed in the personal representative. However, we are not remitted to a consideration of that section alone in arriving at a decision here. Under the heading "Fiduciaries" §10506-1 GC, provides:

"The term 'fiduciary' as used in this act means any person, association or corporation (other than an assignee or trustee for an insolvent debtor, or a guardian under the uniform veterans' guardianship act) appointed by and accountable to the probate court, and either acting in a fiduciary capacity for any person, association or corporation, or charged with duties in relation to any property, interest, trust or estate for the benefit of another."

Administrators appointed by and accountable to the Probate Court are therefore included and governed by the laws relating to fiduciaries generally as well as by the sections referring specifically to Executors and Administrators.

**Sec. 10506-2 GC,** provides in part:

"The duties of a fiduciary shall be such as are required by law, and such additional duties not inconsistent therewith as the court may order."

**Sec. 10506-14 GC,** provides the bond of an administrator shall be conditioned as follows:

"1. To make and return to the court on oath, within the time required by law, a true inventory of all moneys goods, chattels, rights and credits of the deceased, which are by law to be administered, which come to his possession or knowledge, and an inventory of the real estate of the decedent.

2. To administer according to law all the moneys, goods, chattels, rights and credits of the deceased, the proceeds of any action for wrongful death, or of any settlement with or without suit, of a wrongful death claim, and the proceeds of all his real estate sold, which come to the possession of the administrator or to the possession of any person for him."

In view of the foregoing sections, it would seem too narrow and restricted a construction to confine the extent of the administrator's power and duties solely to §10509-85 GC, particularly when the action seems to involve an administration of rights and to be designed for a preservation of assets which would seem to be inherently a duty of an administrator.

It was, therefore, error prejudicial to the plaintiff to deny the right of revivor.

## II.

In **30 O Jur, p 800,** it is stated:

"Generally speaking, the granting of an application by one to be made a party defendant to a pending action rests in the discretion of the trial court."

Without extended discussion, under the circumstances of the instant case, this court will not disturb the ruling of the trial court denying the intervention here, having deter-

mined that the trial court was in error in refusing the right to revive.

The judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, P. J., MATTHEWS, J., concur.